IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 20, 2010

## STATE OF TENNESSEE FOR THE USE AND BENEFIT OF WILLIAMSON COUNTY, ET AL. v. JESUS CHRIST'S CHURCH @ LIBERTY CHURCH ROAD, ET AL.

**Appeal from the Chancery Court for Williamson County**
**No. 33427      Timothy L. Easter, Chancellor**

---

**No. M2009-02439-COA-R3-CV - Filed January 13, 2011**

---

Landowner appeals trial court's grant of summary judgment to county in action to enforce delinquent tax lien. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Charles Phillip Maxwell, Nashville, Tennessee, *Pro Se*

S. Madison Roberts, IV, Franklin, Tennessee, for the appellees, State of Tennessee for the use and benefit of Williamson County, on relation of Walter J. Davis, Trustee of said County, et al.

## OPINION

## I. Statement of the Case

Suit was instituted pursuant to the provisions of Tenn. Code Ann. § 67-5-2401, *et seq.*, to recover delinquent *ad valorem* property taxes.[1] Defendant, owner of property being taxed,[2] filed an answer which included a general denial and specifically denied "every

---

[1] Suit was instituted by the state for the use and benefit of Williamson County and cities within the county.

[2] Process against the record owner of the property, Jesus Christ's Church at Liberty Church Road and an owner by virtue of an unrecorded deed, Liberty Church of Christ, both unincorporated associations,

(continued...)

element of the complaint and upon which it relies including every paragraph, alleged right and cause of action, claim, allegation, statement, inference, support, attachments, accompaniments, and exhibits therein, thereof and thereto; and, everything, person, entity, act, or fact upon which it relies." The answer also included certain affirmative defenses, articulated as follows:

> Insofar as it concerns the land and defendant, the complaint of the above case fails to invoke valid subject matter and in-personam jurisdiction and fails to state a claim upon which lawful relief can be granted, to wit:
>
> A. Defendant avers:
> The sole use of the land in this instant case at all times applicable to the complaint thereof was/is the exercise of the inalienable rights and liberty interests of defendant being, exclusively the right of property, its acquirement, ownership driot, droit, use, transfer, and disposal, for the ordinary course, and coming under and which is the rights, of life, liberty, and the pursuit of happiness and necessary thereto, and the right of conscience; and,
> Such sole use and holding for use of the land was/is the exercise of such inalienable rights constitutionally guaranteed, protected, and preserved for those of defendant's Citizen status in law under the Constitutions for the State of Tennessee 1870, Article I, Sections 2, 3, & 8; and, the United States of America - Bill of Rights, Article I, Section 5. *Std. Rev. III*; and,
> That, insofar as it concerns the land and defendant at all times relevant to the complaint of this case, no bond, debt, surety, privileged non-right activity, commerce, uncompelled benefit or service or eligibility for such, or income deriving use, or injury to the Plaintiff exists; and none is alleged or inferred by the complaint; and
> Strict and exact proof otherwise is hereby demanded.

Plaintiff filed a motion for summary judgment accompanied by a statement of undisputed material facts, and the affidavits of Dennis Anglin, property assessor of Williamson County, Walter J. Davis, Williamson County trustee, and Tracy Todd, Tax Collector for the City of Brentwood. Defendant filed a response, which included his

---

[2](...continued)
was obtained by publication after efforts to serve process through personal service were unavailing. Charles Phillip Maxwell, Trustee of Jesus Christ's Church at Liberty Church Road, filed an answer, claiming an "allodial droit droit ownership interest in the land by unrecorded deed." The complaint was subsequently amended to add Mr. Maxwell as a defendant. The record does not reflect an answer being filed on behalf of either of the unincorporated associations and neither have participated in the proceedings on appeal. References herein to "Defendant" shall be to Mr. Maxwell.

affidavit and a statement of undisputed material facts. The trial court granted the motion, stating, in part pertinent to this appeal:

> After a consideration of all the above the Court finds that the Motion for Summary Judgment is well taken because an answer by taxpayers to complaints for collection of delinquent taxes is not an acceptable method of contesting the validity of the underlying assessment.

Mr. Maxwell appeals, raising numerous issues, centering on whether plaintiff was entitled to summary judgment and whether the trial court correctly awarded "interest, penalties, suit costs, and counsel compensations to plaintiff beyond the first year's suit."[3]

## II.  Standard of Review

This case was resolved below on motion for summary judgment. Summary judgment is appropriate where there are no genuine issues of material fact and where one or more of the parties is entitled to judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04; *Penley v. Honda Motor Co.*, 31 S.W.3d 181, 183 (Tenn. 2000); *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). It should be granted only when the undisputed facts, and the inferences reasonably drawn from the undisputed facts, lead to the conclusion that the party seeking the summary judgment is entitled to judgment as a matter of law. *Green v. Green*, 293 S.W.3d 493, 514 (Tenn. 2009); *Blair v. W. Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). Since our review concerns questions of law, we review the record *de novo* with no presumption of correctness. *See* Tenn. R. App. P. 13(d); *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997).

## III. Discussion

The assessment and collection of real property taxes for state, county and municipal purposes is governed by Tenn. Code Ann. § 67-5-101, *et seq.* Under the statutory scheme, the county assessor is to classify the property, assess its value, and report the assessment to the county board of equalization. Tenn. Code Ann. §§ 67-5-301–04. Taxpayers are permitted to appear before the board of equalization to complain about the assessment (the classification of the property and/or the assessed value). Tenn. Code Ann. § 67-5-1407. If the taxpayer fails to do so, the assessment is conclusive against the taxpayer. Tenn. Code Ann. § 67-5-1401. Challenge to the county board of equalization's final decision is to the state board of equalization. Tenn. Code Ann. § 67-5-1411. Real property taxes are a lien on the property and a personal debt of the property owner. Tenn. Code Ann. § 67-5-2101. Suits to enforce property tax liens are governed by Tenn. Code Ann. § 67-5-2401–21 and are in rem proceedings. Tenn. Code Ann. § 67-5-2103. Jurisdiction of suits to collect delinquent

---

[3]  The court has distilled the salient issues from the Statement of Issues in Mr. Maxwell's brief.

taxes is in the circuit or chancery courts of the county in which the property lies. Tenn. Code Ann. § 67-5-2405.

To the extent Mr. Maxwell contends that the Chancery Court for Williamson County lacks jurisdiction to adjudicate this matter, his contention is without merit. *See* Tenn. Code Ann. § 67-5-2405. To the extent he challenges the classification of the property and the amount of the assessment, his failure to exhaust the administrative remedies available to him— specifically, appeal to the Williamson County Board of Equalization and/or the State Board of Equalization—precludes such a challenge. *See State ex rel. Davis v. ABD Brentwood Locksmith Serv., et al.*, No. M2004-00638-COA-R3-CV, 2005 WL 2667042, at *2 (Tenn. Ct. App. Oct. 20, 2005) ("An answer by taxpayer to complaint for the collection of delinquent taxes is not an acceptable method of contesting the validity of the underlying assessment."). In addition, to the extent Mr. Maxwell asserts that the tax violates the state constitution or laws, payment of the taxes under protest is a prerequisite to such contest. Tenn. Code Ann. § 67-1-901; *see ABD Brentwood Locksmith Serv., et al.*, 2005 WL 2667042, at *2. Having failed to avail himself of available procedures, administrative and judicial, Mr. Maxwell's complaints that his rights to due process of law were violated are without merit.

In support of its motion for summary judgment, plaintiff submitted the affidavits of the Williamson County Trustee, Williamson County Tax Assessor, and the City of Brentwood Tax Collector. Those affidavits established, *inter alia*: the amount of taxes assessed on the property in question for the years 1997–2005;[4] that the taxes were delinquent; and that no challenges were made to the assessments by defendant. These facts were sufficient to shift the burden to Mr. Maxwell "to produce evidence of specific facts establishing that genuine issues of material fact exist." *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008) (citing *Byrd*, 847 S.W.2d at 215; *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998)).

In response to the materials filed in support of plaintiff's motion, Mr. Maxwell filed a statement of material facts and his affidavit. The statement of material facts failed to comply with Tenn. R. Civ. P. 56.03 in that it failed to set forth facts, supported by citations to the record, which Mr. Maxwell contended were in dispute; rather what he stated to be "facts" were argumentative statements. The affidavit stated in pertinent part:

2. Everything stated in the attached papers entitled RESPONDENT'S STATEMENT OF UNDISPUTED MATERIAL FACTS; and, RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

---

[4] The claim for 1997 was dismissed by order entered on Mr. Maxwell's Motion to Alter, Amend or Vacate Final Judgment.

WITH INCORPORATED MEMORANDUM OF LAW; and RESPONDENT'S MEMORANDUM OF LAW, FACTS AND POINTS OF AUTHORITY is true, correct and complete to the best of affiant's understanding and are hereby affirmed by this affidavit as a part thereof; and, Affiant hereby certifies and affirms that said papers are true, exact and complete papers that affiant filed in the above case and which the titles represent.

The affidavit failed to comply with Tenn. R. Civ. P. 56.06 in that it failed to "set forth such facts as would be admissible in evidence" and "set forth specific facts showing there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. Taken together, the statement of material facts and the affidavit were insufficient to satisfy his burden in opposing summary judgment.

In the absence of a genuine issue of material fact for trial and in light of the uncontradicted proof that the property taxes were delinquent, plaintiff was entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04 (". . . the judgment sought *shall* be rendered forthwith if the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.") (emphasis added).

Mr. Maxwell also contends that the trial court had authority to give "equitable relief" and not include penalties, costs and "compensations" upon a showing of good cause. Specifically, he states that his opposition to the collection of the tax was brought in good faith and that plaintiff waited to bring the suit for over ten years after the taxes were due.[5]

Penalty and interest are incurred on delinquent taxes pursuant to Tenn. Code Ann. § 67-5-2010; once suit to enforce a tax lien is filed, additional penalties, fees and costs accrue in accordance with Tenn. Code Ann. § 67-5-2410.[6] There is no provision in either statute for the court to waive interest, penalties or costs or, indeed, which gives the court any discretion in this regard. To the extent the trial court had discretion to waive any of the penalties, fees or costs, our review of the record does not show an abuse of the court's discretion.[7]

---

[5] The complaint was filed in March 2007 and sought taxes for years beginning in 1997.

[6] The penalties assessed under Tenn. Code Ann. § 67-5-2410 are used to pay, *inter alia*, attorney's fees and other expenses of prosecuting the suit, such as title examination fees and environmental assessments, as well as court costs. Tenn. Code Ann. §§ 67-5-2410 (b)(1), (c)(1) and (d).

[7] The Tennessee Supreme Court addressed the abuse of discretion standard in *Eldridge v. Eldridge*, 42 S.W.3d 82 (Tenn. 2001) stating that:

Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as

(continued...)

With respect to Mr. Maxwell's contention regarding the plaintiff's delay in filing suit to enforce the tax liens, Tenn. Code Ann. § 67-5-1806 bars the collection of taxes and renders delinquent taxes uncollectible after the lapse of ten years;[8] the statute operates as a statute of limitations on actions to collect delinquent *ad valorem* property taxes. *See* Tenn. Code Ann. § 67-5-1806, Compiler's Notes. There is no basis in the statute for the court to effectively declare taxes which are less than ten years uncollectible because the taxing authority has chosen to delay filing suit. Again, to the extent the trial court had discretion to bar plaintiff from collecting taxes which were delinquent more than one year prior to the institution of suit, our review of the record does not show an abuse of discretion in the court's declining to do so.

## IV. Conclusion

This court previously issued an order wherein we stated that we would accord Mr. Maxwell the latitude customarily given *pro se* litigants. The court has reviewed the record of proceedings in the trial court and each of Mr. Maxwell's pleadings filed therein. The trial court correctly applied the law attendant to the collection of delinquent taxes and the procedure set forth for considering and granting summary judgment. Accordingly, the judgment of the trial court is AFFIRMED.

_____
RICHARD H. DINKINS, JUDGE

---

[7](...continued)
reasonable minds can disagree as to propriety of the decision made." A trial court abuses its discretion only when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court.

*Id.* at 85 (internal citations omitted).

[8] Collection of taxes more than ten years old is barred even though suit may be pending to collect them.